UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FARKHAN MAHMOOD SHAH,

               Plaintiff,

v.

AMERICAN AIRLINES, INC., *et al*,

               Defendants.

**Civil Action No. 17-6298 (JXN) (MAH)**

**OPINION**

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on an appeal from Magistrate Judge Michael A. Hammer's Order [ECF No. 168] denying Vano I. Haroutunian's and Ballon Stoll P.C.'s (collectively, "Plaintiff's counsel") motion to withdraw as counsel for Plaintiff Farkhan Mahmood Shah ("Plaintiff") [ECF No. 152]. The Court reviewed all submissions and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed herein, Judge Hammer's Order [ECF No. 168] is **AFFIRMED** and Plaintiff's appeal [ECF No. 169] is **DENIED**.

**I.  BACKGROUND**

The Court assumes the parties' familiarity with the factual background and procedural history in this matter and summarizes only those facts necessary to decide the instant appeal.[1] On October 8, 2021, Plaintiff's counsel filed the instant motion to be relieved as counsel, ECF No. 152, which was not opposed by Plaintiff or Defendant American Airlines, *see* ECF Nos. 160-61,

---

[1] For a fuller recitation of the facts and procedural history, please see Judge Hammer's Order at ECF No. 168.

163. On December 6, 2021, Judge Hammer denied Plaintiff's counsel's motion without prejudice. *See* ECF No. 168. In so doing, Judge Hammer held that "Plaintiff will be substantially and materially prejudiced if Counsel is permitted to withdraw because it is unclear Plaintiff will be able to retain new counsel at this stage in the litigation[.]" *See id.* (citing *McDaniel v. Daiichi Sankyo, Inc.*, 343 F. Supp. 3d 427, 431 (D.N.J. 2018); *see also Rusinow*, 920 F. Supp. at 72). Judge Hammer also determined that "withdrawal may cause a lengthy delay in the resolution of Plaintiff's claims, even if Plaintiff is able to find new counsel, due to Plaintiff's new representatives having to familiarize themselves with the factual and procedural background of this now four-year-old case[.]" *Id.* (citing *Cuadra v. Univision Commc'ns, Inc.*, Civ. No. 09-4946, 2012 WL 1150833, at *9 (D.N.J. Apr. 4, 2012)).

Plaintiff timely appealed Judge Hammer's Order asserting, among other things, that his motion will provide proof that Plaintiff's counsel, Defendant American Airlines, and the "Clerk of Court Peter" conspired to "deprive due process under Color of Law." *See* ECF No. 169-1 at 5. Defendants have not opposed this motion, which is ripe for the Court to decide.

II.  **STANDARD OF REVIEW**

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). An

order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000).

### III.   DISCUSSION

Unless other counsel is substituted, counsel may withdraw only with leave of court. L. Civ. R. 102.1.[2] Permission to withdraw is entirely within the discretion of the court, and a court may, therefore, refuse to allow withdrawal despite a showing of good cause. *See McKowan Lowe & Co. v. Jasmine, Ltd.*, No. CIV. 94-5522RBK, 2005 WL 6269793, at *1 (D.N.J. Sept. 12, 2005) (citing Rules of Professional Conduct 1.16(c)). In deciding whether to permit withdraw of counsel, the court should look to four guiding factors: (1) the reasons withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of a case. *Rusinow v. Kamara*, 920 F.Supp. 69 (D.N.J. 1996).

Judge Hammer carefully evaluated each of these four criteria to determine that Plaintiff's counsel's reasons for withdrawal were inadequate, particularly in light of the relevant equitable considerations. As Judge Hammer noted, "Plaintiff's counsel's withdrawal, at this time, would significantly impair Plaintiff's ability to defend the already fully briefed summary judgment motion, and his ability to maintain the action because of the complexity of Plaintiff's claims and the disputed legal issues." ECF No. 168 at 4. The Court agrees. Moreover, Judge Hammer found

---

[2] Local Civil Rule 102.1 reads in full: "Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court. After a case has been first set for trial, substitution and withdrawal shall not be permitted except by leave of Court." L. Civ. R. 102.1.

that these considerations weighed strongly against granting Plaintiff's counsel's leave to withdraw. This determination was well within the court's discretion and was neither clearly erroneous nor contrary to law. Because Plaintiff has failed to satisfy his burden of demonstrating that this decision was clearly erroneous, Judge Hammer's Order is affirmed.

### IV.  CONCLUSION

For the foregoing reasons, the appeal [ECF No. 169] from the decision of the Magistrate Judge is **DENIED**, and the order of the Magistrate Judge [ECF No. 168] is **AFFIRMED**. An appropriate Order accompanies this Opinion.

DATED: June 29, 2022

s/ Julien Xavier Neals
JULIEN XAVIER NEALS
United States District Judge