**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| FARKHAN MAHMOOD SHAH, <br><br> *Plaintiff*, <br><br> v. <br><br> AMERICAN AIRLINES, INC., ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS., KEITH REISEN, and JOHN DOES 1-5, <br><br> *Defendants*. | Civil Action No. 17-6298 <br><br> **OPINION** |

**Evelyn Padin, U.S.D.J.**

Presently before the Court is the motion of Plaintiff Farkhan Mahmood Shah ("Shah") for relief pursuant to Rule 60(b) of Federal Rules of Civil Procedure. D.E. 213. Shah, who is now proceeding *pro se*, moves to vacate the Court's August 4, 2022 opinion and order granting Defendant American Airlines, Inc.'s ("American's") motion for summary judgment. American opposes. D.E. 214. The Court has reviewed all submissions in support and in opposition, and considered the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Shah's motion is denied.

### I.     BACKGROUND

On August 4, 2022, the Court entered an opinion and order granting American's motion for summary judgment; this decision resulted in dismissal of all remaining claims in this matter, and the closure of this case at the District Court level. D.E.s 206 and 207. On August 25, 2022, Shah filed a notice of appeal challenging that decision with the United States Court of Appeals for

the Third Circuit. D.E. 211. The appeal, *Shah v. American Airlines Inc*, No. 22-2599 (3d Cir.) is pending. *See* D.E. 212. Thereafter, on September 6, 2022, *i.e.*, 34 days after the Court's entered summary judgment, Shah filed the present motion seeking relief from the Court's August 4th summary judgment decision under Rules 60(b)(3), (4), (5), and (6) of the Federal Rules of Civil Procedure. D.E. 213. American filed a two-page letter in opposition on September 15, 2022. D.E. 214. And Shah thereafter submitted two additional filings in support of his Rule 60(b) motion: (1) a six-page letter on September 16, 2022; and (2) several additional exhibits in support of his Rule 60(b) motion on September 19, 2022. D.E.s 216 and 217.

## II.   DISCUSSION

As the Third Circuit has explained, "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). "'Divest' means what it says – the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere." *Venen*, 758 F.2d at 120-21 (footnote omitted). When, as here, a district court is presented with a Rule 60(b) motion that is filed more than 28 days after the entry of the judgment being challenged on appeal, that general rule does not prevent a district court from either denying the motion or

indicating that it would grant the motion if the case were remanded.[1]  *See McCracken v. R.J. Reynolds Tobacco*, 842 F. App'x 722, 725 (3d Cir. 2021) (citing *Venen*, 758 at 123).

Shah relies on subsections (3), (4), (5), and (6) of Rule 60(b), but has failed to establish that this Court's ruling was the product of "fraud . . . , misrepresentation, or misconduct by an opposing party," *see* Fed. R. Civ. P. 60(b)(3), that "the judgment is void," *see* Fed. R. Civ. P. 60(b)(4), that "the judgment has been satisfied, released or discharged," *see* Fed. R. Civ. P. 60(b)(5), or provide "any other reason that justifies relief" under Rule 60(b), *see* Fed. R. Civ. P. 60(b)(6). Shah, in short, provides no basis for relief under Rule 60(b) and, therefore, his motion will be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Shah's Rule 60(b) motion. An appropriate Order accompanies this Opinion.

Dated**:** September 23, 2022

/s/Evelyn Padin
Evelyn Padin, U.S.D.J.

---

[1] By contrast, when a Rule 60(b) motion is filed within 28 days after the entry of the district court's judgment, the district court has full authority to adjudicate that motion, and an appeal from that court's judgment does not become effective until after the court adjudicates the motion. *See McCracken*, 842 F. App'x at 725 n.2 (citing Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i)).

3